IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROY ALLEN CARTER<br>KRYSTLE LEE JENNINGS,<br><br>    Petitioners,<br><br>v.<br><br>MARGIE QUINN,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)   No. 3:25-cv-00866<br>)<br>)   Judge Richardson<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Petitioners Roy Carter and Krystle Jennings filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) challenging the removal of minor children from their home by the Tennessee Department of Children's Services ("TDCS"). As explained below, this action will be dismissed for lack of subject-matter jurisdiction.

I.     BACKGROUND

TDCS removed Petitioners' children in October 2019. (Doc. No. 1 at 2); *see In re Krystopher C.*, No. M2024-00097-COA-R3-PT, 2025 WL 2017077, at *39 (Tenn. Ct. App. July 18, 2025). Petitioners assert that the removal was based on "a series of fraudulent document— juvenile petitions and affidavits bearing altered filing stamps and signatures . . . used to create the appearance of legal process." (*Id.* at 3) ("These documents bore the name and stamp of Lynne D. Foster, the former Cannon County Juvenile Clerk who had retired in 2016, but whose name and credentials were fraudulently applied to initiate proceedings in 2019." (emphasis removed)).

TDCS later initiated Termination of Parental Rights ("TPR") proceedings. (*Id.* at 4). TPR was granted in January 2024. (Doc. No. 2 at 9). Petitioners appealed, and the Tennessee Court of

Appeals affirmed the TPR. *In re Krystopher C.*, 2025 WL 2017077. The Tennessee Supreme Court denied Petitioners' application for permission to appeal. (Doc. No. 10-1 at 2).

## II. HABEAS CORPUS PETITION

Petitioners filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus (Doc. No. 1) and supporting memorandum (Doc. No. 2) in this Court on July 31, 2025. Petitioners argue that the "continued custody of [their] children by the State of Tennessee is unlawful, unconstitutional, and void from its inception." (Doc. No. 2 at 7). They assert grounds based on the Fourteenth Amendment Due Process Clause and the Fourth Amendment's prohibition of unreasonable seizures. (Doc. No. 1 at 7−8).[1]

## III. APPLICABLE LAW

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

"[C]ustody is a jurisdictional prerequisite for habeas actions." *J.O.B. as next friend J.O.B. v. United States*, No. 24-3984, 2025 WL 1369382, at *2 (6th Cir. May 9, 2025). And a child who has been removed from his or her parents by a state agency is not, based solely on that removal, "in the 'custody' of the State in the sense in which that term has been used by this Court in determining the availability of the writ of habeas corpus." *Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502, 510 (1982). Thus, "[a]lthough a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody." *Lehman*, 458 U.S. at 511.

---

[1] Petitioner Carter has raised similar claims in a civil proceeding in this Court. *See Carter v. Tennessee Dep't of Children's Servs.*, No. 3:22-cv-00247 (M.D. Tenn.). That action was stayed pending resolution of state-court proceedings, but the stay was lifted on February 9, 2026.

## IV. ANALYSIS

This Court lacks subject-matter jurisdiction over Petitioners' habeas corpus petition. As both the Supreme Court and Sixth Circuit have made clear, individuals may not use federal habeas corpus to challenge state child-custody determinations.[2] *Lehman*, 458 U.S. at 511; *J.O.B.*, 2025 WL 1369382, at *2 (affirming dismissal of habeas corpus petition for lack of jurisdiction); *Hall v. Beast*, 116 Fed. Appx. 557, 559 (6th Cir. 2004) (citing *Lehman* and affirming dismissal of habeas corpus petition for lack of subject-matter jurisdiction).

Petitioners assert that habeas corpus is available to challenge state child-custody determinations "where the original process is legally void." (Doc. No. 2 at 6). However, the only authority they cite for this assertion is *Lehman*, which provides no such "legally void" exception. *See generally* 458 U.S. at 502−16 (not using the word "void" or otherwise creating a "legally void" exception). Instead, *Lehman* emphasizes that child-custody determinations are particularly unsuitable for habeas corpus review:

> The State's interest in finality is unusually strong in child-custody disputes. The grant of federal habeas would prolong uncertainty for children such as the Lehman sons, possibly lessening their chances of adoption. It is undisputed that children require secure, stable, long-term, continuous relationships with their parents or foster parents. There is little that can be as detrimental to a child's sound development as uncertainty over whether he is to remain in his current "home," under the care of his parents or foster parents, especially when such uncertainty is prolonged. Extended uncertainty would be inevitable in many cases if federal courts had jurisdiction to relitigate state custody decisions.

458 U.S. at 513.

---

[2] Petitioners cite two purported cases for the proposition that "unlawful state custody of children . . . meets the definition of 'custody' under § 2241." (Doc. No. 2 at 5). The first case, *Chrissy F. v. Mississippi Dep't of Public Welfare*, is not a habeas corpus case and does not discuss the "in custody" requirement. 995 F.2d 595 (5th Cir. 1993). The second purported case, "*Leagle v. White*, 848 F.2d 926, 928 (8th Cir. 1988)," is either miscited or does not exist. *Cf. Donoghue v. Orange County*, 848 F.2d 926 (9th Cir. 1987).

Petitioners offer no other basis for federal jurisdiction, and the Court finds none. *See Hall*, 116 Fed. Appx. at 559 ("[P]laintiffs brought this case as a habeas action, and since federal habeas is not available in this case, plaintiffs have failed to raise a federal question in this action."). Accordingly, this action will be dismissed for lack of subject-matter jurisdiction.

## V. CONCLUSION

Petitioners' Petition for Writ of Habeas Corpus is **DISMISSED** for lack of subject-matter jurisdiction. Petitioners' Request for Status and Issuance of Order to Show Cause (Doc. No. 10) is **DENIED** as moot.

The Clerk shall enter judgment in accordance with Rule 58(b) of the Federal Rules of Civil Procedure and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE